# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

*Dallas Division*

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 APR -3  AM 11: 27

DEPUTY CLERK

**Bernard Dolenz**
Plaintiff

v. **Dallas Observer
Richard Roper**
Defendant

Civil Action No.

**3-14CV-1188G**

**COMPLAINT**

See attached

* Attach additional pages as needed.

Date: April 3, 2014
Signature: Bernard Dolenz
Print Name: BERNARD DOLENZ
Address: 128 CR 1100
City, State, Zip: Decatur, TX 76234
Telephone: 214 755 4832

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**BERNARD DOLENZ**
**Plaintiff**

Vs.                                              Civil NO. ~~96-CV-3016-D~~

**DALLAS OBSERVER,**

**RICHARD ROPER**
**Defendants**

## JURISDICTIONAL STATEMENT

The Dolenz cases have civil overlays that involve the criminal case which was triggered by the filing of a *qui tam* civil suit in Judge Fish's. Court. 28 USC 1366 (a) deals with supplemental jurisdiction, and states **that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.**

## STATEMENT OF THE CASE AND FACTS

Dolenz does not know what he was convicted of because of the duplicity involvement in the indictment. Two separate crimes (1341 & 2) were tried together in the same count. *Crain v. U.S.*, 162 U.S. 625 holds that the rule as to indictments for crime is that two offenses may not be charged in the same count. *Wicks v. Lockhart*, 569 F. Supp. 549 (E.D. Ark 1983) gives an excellent analysis of the vice of duplicity and instructs at 566:

> ...In the final analysis, there is but one constitutionally acceptable rule in this circumstance. Where a defendant is found guilty by a single general verdict on a multiple-count indictment charging separate and distinct offenses in each count, there is no way on the face of the record to determine if he was found guilty on all counts or only some or none, the court must reverse the judgment. To paraphrase the words of the United States Supreme Court, to say that as general

verdict of guilty should be upheld though we cannot know upon which counts in the indictment it rests, if any, would be countenance a procedure which would cause a serious impairment of constitutional rights. See *Williams v. North Carollina*, 317 U.S. 287, at 292, 63 S.Ct 207 at 210, 87 Led 279.

...Finally, and perhaps most important, the very integrity of the criminal trial process is undermine by allowing a general verdict on a multi-count indictment or information: in the end neither the defendant nor society can say UPON WHICH CRIME, IF ANY, THE DEFENDANT WAS CONVICTED. (Emp. Added)

Dolenz was convicted on a plea of NOT GUILTY in the U.S. District Court for the Northern District of Texas of the crime of "18 USC 1341 & 2" Since DUPLICITY is involved here, there is no crime where there are two crimes in each count. Petitioner was found guilty of 12 counts involving 12 medical billings to 3 private insurance companies for $4,511.50. Over objection of the multiple misstatements and flaws in the PSI (about 70), Judge Barefoot Sanders gave a draconian sentence of 90 months, $1,680,501.47 fine and Restitution, and 3 years supervised release. While incarcerated Petitioner learned December 5, 2000 this case began with a QUI TAM LAWSUIT being filed UNDER SEAL by Attorney John Boundy January 30, 1996. Disclosure was not made of this by the prosecutor nor Boundy's materials, violating *Brady v. Maryland*. Jaencks statements favoring Dolenz were not revealed including two affidavits from Federal agents that there was no billing nexus to the Federal government to support the qui tam lawsuit.

## SUMMARY OF THE ARGUMENT

Whistle-blowers have tremendous risks when complying with the law that makes reporting mandatory. . Weigant (cigarette industries lied about nicotine effects), Richards (discovered a bomb at Atlanta Olympics), Snowden (government failures exposed), etc. have been harmed. The *Qui Tam* suits per 31 USC 4563129 and 31 USC 4563130 are banes on medical care, hospital care, drug manufacturers, etc with little protection or notice for whistle blowers like occurred in the Dolenz case.

The prosecutor failed to produce Brady, Jaencks materials. The Court lacked subject matter jurisdiction, lacked standing, failed to grant Corum Nobis relief, and failed to deem Request for Admissions admitted as a matter of law.

*Brady v. Maryland (U.S. 1963)* held that a prosecutor under the Fifth and Fourteenth amendments has a duty to disclose favorable evidence to defendants. *United States v. Bagley* (U.S. 1985) held that a prosecutor's duty to disclose material favorable evidence exists regardless of whether the defendant makes a specific request; the Court said "favorable evidence" is "material" if there is a reasonable probability that disclosure of the evidence would have produced a different outcome.

## PARTIES

Plaintiff Bernard Dolenz has a temporary address at 128 CR 1100, Decatur, Texas 76234; phone number 214 755 4832.

Defendant Richard B. Roper can be served at Thompson & Knight, 1722 Routh Street, #1500, Dallas, Texas 75201; phone number 214 969 1700.

Defendant *Dallas Observer (A/K/A Voice Media Group)*, c/o Editor-in-Chief Joe Tone may be served at Dallas Observed Building, 2501 Oak Lawn Ave, Dallas, Texas 75219.

## DEFAMATION SUIT - LIBEL

For several months the Defendants have continued to defame this Plaintiff by the claim that Dr. Dolenz has been convicted of MEDICARE FRAUD as shown in Exhibit A. The Plaintiff challenges the Defendants to prove that their vitriolic statements are factually correct. The Plaintiff did not see Medicare patients.

1. The plaintiff is a private person. Defendant *Dallas Observer* is a media defendant. Defendant Roper is a private defendant and is not a government employee.
2, The defendants published a purported statement of fact,
3. The statements referred to Plaintiff Dr. Bernard Dolenz.
4. The statements were defamatory.
5. The statements were false.
6. With regard to the truth of the statements, the defendants were acting with actual malice, negligence, or liable without regard to fault.
7. The statements were published on the internet, communicating to many third parties capable of understanding its defamatory import and in a manner the third person understands.
8. The ;plaintiff suffered injury.

The repeated internet statements that Dolenz was convicted of *Medicare Fraud* is

absolutely false. A disclaimer was placed to correct the defamatory statements, but the disclaimer was deleted off the internet without notice to this :Plantiff, The internet uses "BERNARD DOLENZ. COM." which *is not controlled or owned* by this Plaintiff.

The lie endorsed by Dallas Observer and Richard Roper violates Commandment 8 dealing with bearing false witness. The lie has sullied the :Plaintiff's professional reputations, destroyed his family and friend relationships, destroyed his earning capacity by having his medical and law licenses revoked, and continues to sully his reputation through the internet that Dolenz was convicted of *Medicare Fraud*. The continuing on the months on the internet has reduced Dolenz to indigency and infamy purposefully even though Dolenz is factually innocent. /Dolenz has lived spartanly in a barn and with others over the past several months with his medical problems deteriorating. There is financial injury which also adds to the stress imposed by being held up to public hatred. Very poor medical care while in prison also caused health problems. Damages for injury to reputation, personal humiliation, loss of earning capacity, and mental anguish and suffering are special damages.

TCP&RC 73.001 is helpful as its statutory definition of libel indicates "injure a living person's reputation and thereby expose that person to public hatred, contempt, ridicule, or financial injury, impeach a person's honesty, integrity, virtue, or reputation .."

*Dallas Observer* is negligent as it should have known that the defamation was false and that the content of the publication would warn a reasonable prudent person of its defamatory potential. Apparently *Dallas Observer* did not investigate or verify the story before it was published. or was pressured to produce a sensationalistic story.

Since malice and gross negligence has been shown by the conduct of these defendants, exemplary damages are sought pursuant to CPRC 41.003.

USA and Richard Roper are guilty of trampling on USC 8 for its cruel punishment and imprisoning Dolenz for his indigency - Dolenz was given a sentence of one year and one day imprisonment because of not being able to pay debt money to USA ignoring Texas Const. Article 16 and 28 USC 2997 which holds that a debtor cannot be imprisoned for debt. Judge Lynn also violated USC Art. L by interfering with Dolenz's exercise of religion by ordering him to immediately resign as President of the Community of His Divine Mercy. When Richard Roper was working for USA, he

delighted in collection of debts as given in the document that is EX 1.

## DID USA LACK SUBJECT MATTER JURISDICTION ?

Federal courts have limited jurisdiction, and its power derives from Article III, Section 2. *Ankenbrandt v. Richards*, 504 US 689 (1992). There is no nexus to the Federal Government as pointed out by AUSDA Umphres and Investigator Chief Wickersham. The purported qui tam complaint is flawed as it is not verified and involves only private insurance companies. Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time--even for the first time on appeal. *Henderson v. Shinseki*, 131 S.Ct. 1196.

## DID USA LACK STANDING ?

USA lacks standing as it not suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests. There is no sufficient stake in the outcome of the suit to make it a real "case or controversy." The "injury in fact" requirement must involve "an invasion of a legally protected interests which is (a) concrete and particularized…and (b) actual or imminent, not conjectural or hypothetical…" *Lujan v. Defenders of Wildlife*, 504 US 555 (1992). $4500 in controversy caused 90 months and 1..7 million in this case that has no nexus with USA, and destroyed a professional man and his family and standing in the community.

**JURY TRIAL IS DEMANDED FOR THE LIBEL SUIT.**

## CONCLUSION AND RELIEF SOUGHT...
...

Dolenz prays for the following relief :

1. That the jury award damages for libel to Plaintiff including exemplary damages;

2. The criminal case be voided as The Federal Court lacked jurisdiction in the criminal court; therefore the criminal judgment is void.;.

3. Criminal charges and restitution charges are voided;

6. All such and other relief to which Dolenz may be entitled .

Respectfully submitted,

*[signature]*

Bernard Dolenz, pro se
128 CR 1100
Decatur, Texas 76234
214 755 4832

3/25/2014 — Richard Roper: U.S. Attorney for the Northern District of Texas. And Very, Very Busy Debt Collector.

**Dallas Observer** — Voice Places | More From Voice Nation | Join | Sign In

# Dallas Observer Blogs

NEWS

DALLAS NEWS | LOCAL NEWS BLOG | SCHUTZE | JFK 50TH ANNIVERSARY | BUZZ | ARCHIVES SEARCH | DALLAS OBSERVER FLIPBOOK | WEEKLY NEWSLETTER | GET MOBILE

Search

WHOLE FOODS presents Observer IRON FORK in Association with Kent Rathbun

**UNFAIR PARK** — THE DALLAS OBSERVER BLOG

TOP BLOG STORIES


Dallas Exterminated 77 Roosters Seized From a...
By Eric Nicholson


DART Will Open in Long-Awaited DFW Airport...
By Eric Nicholson

Keith Olberman, Texas Motor Speedway Feuding Over "Big Hoss TV"
By Eric Nicholson

Now Trending

Keith Olberman, Texas Motor Speedway Feuding Over "Big Hoss TV"

Dallas Police Officer Rene Villanueva Fired for Punching Speeding Driver on Dash Cam

Mark Cuban Says the NFL Will Implode In a Decade

Stories | Conversations

Ex 1

Crime

# Richard Roper: U.S. Attorney for the Northern District of Texas. And Very, Very Busy Debt Collector.

By Robert Wilonsky Tue., Jun. 3 2008 at 4:17 PM
Categories: Crime

Like | Share 1 | Tweet 0 | Write Comment | 8+1 0

- Share



3/25/2014

Richard Roper: U.S. Attorney for the Northern District of Texas. And Very, Very Busy Debt Collector.

special compartments for drug smuggling.

"If we didn't do that, then some other drug trafficker could move in," Roper says. "Sometimes we will use the forfeiture law to seize assets and give it as restitution."

About 2,800 federal felons are now on the rolls to have their tax returns, stimulus payments and 15 percent of their Social Security benefits seized to repay victims.

"There are about 900 we can't do anything with," says Roper. "Some of them have absconded."

And many are dead broke and get menial jobs when they are released from prison.

"If they don't have the ability to pay, you can't send them to prison," says Roper.

But federal judges do have some leverage with folks trying to play shell games with their assets.

Take the case of Bernard Dolenz, a former doctor and lawyer who served prison time for Medicare fraud. He was ordered to pay $1.68 million.

The office filed a writ of attachment to Dolenz's house on Swiss Avenue and, on December 7, 2007, a U.S. marshal and two appraisers entered the home and seized personal property. Included in his non-disclosed assets to be auctioned off: about $100,000 to 200,000 in original Republic of Texas currency, one of the largest collections ever seen; an ivory inlaid bench; a Cadillac and an Italian marble bust of Joan of Arc. Dolenz has appealed the seizure.

Prosecutors attached 15 percent of Dolenz' Social Security benefits but were unable to locate all the property he had squirreled away. In April, Judge Barbara Lynn ordered Dolenz, who lives in a large house on Swiss Avenue, to serve a day in jail, three more years of probation, and ordered him to disclose his assets.

"We've gotten $81,000 in restitution," says Roper. "In court we said that we are attempting to force a sale of his house."

One of the biggest seizures in the district will soon be auctioned off. Johar Saran was convicted of running a large illegal Internet pharmacy operation. Roper says his Arlington mansion goes on the block this summer.

The district's biggest debtor: Jonathan Nelson, a defendant in the Western District of Texas whose case was handled by Roper's office. The Lubbock resident was sentenced to 25 years in prison for wire fraud and money laundering millions of dollars he embezzled




Arpaio Challenger Paul Penzone Comes Clean About a 2003 Altercation with Ex-Wife
Phoenix New Times



From the Vault




Dallas Observer
Like
57,965 people like Dallas Observer.
Facebook social plugin

SIDESHOWS



Nightlife: Cosmic Surfing at Crown & Harp



Nightlife: Last Resort with George Quartz

3/25/2014

Richard Roper: U.S. Attorney for the Northern District of Texas. And Very, Very Busy Debt Collector.

while he was CFO of an on-shore oil drilling company. Roper thanked the judge for the sentence and said he'd never seen a case "with more greed than that displayed" by Nelson.

"He owes $77 million," says Roper. "But the chances of obtaining it are slim. He's essentially a pauper." --Glenn Whitley

### GET THE WEEKLY NEWSLETTER

Our weekly feature stories, movie reviews, calendar picks and more.. minus the newsprint and sent directly to your inbox.

enter email

submit

Email to Friend | Write to Editor | Print Article

### We Recommend



Paid Distribution

Wedding Stunt Gone Horribly Wrong Kills Guest & Sends Bride to Hospital (Stirring Daily)

Allen's $60 Million Football Stadium a Casualty of "Improper" Concrete Work, Report Says (Unfair Park)

Desoto Man Tricked Insurance Companies Into Paying Him $5 Million For Stuff He Didn't Own (Unfair Park)

Adventures in a Car-Free Dallas: You Can Take DART to the Airport, but Beware the Coyotes (Unfair Park)

Recommended by



Nightlife: Bikini Party at Plush (NSFW)

More Slideshows >>

0 comments

1 person listening

Sign in or Create Account

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Bernard Dolenz

**DEFENDANTS**
Richard Roper
Dallas Observer

**(b)** County of Residence of First Listed Plaintiff  Wise County
*(EXCEPT IN U.S. PLAINTIFF CASES)* (Temporary)
plan to return to Dallas.

County of Residence of First Listed Defendant  Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro.se.  128 CR 1100
Decatur TX 76234 (Temporary)

Attorneys *(If Known)*
3-14CV-1188G

FILED APR 3 2014 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause: Libel on internet

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ amount jury award
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions):*
JUDGE  Joe Fish
DOCKET NUMBER  96-CV-301 G

DATE  April 3, 2014
SIGNATURE OF ATTORNEY OF RECORD  Bernard Dolenz

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE