**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BERNARD DOLENZ,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1188-G-BH |
| ) | |
| **DALLAS OBSERVER, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claim challenging his conviction should be **DISMISSED** with prejudice as frivolous, and his state law defamation claim should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Bernard Dolenz (Plaintiff) filed a civil complaint asserting a claim for libel against the defendants, alleging that they defamed him in a newspaper article. He also claims that his federal conviction for aiding and abetting mail fraud was in error and is void. (doc. 3 at 2-7); *see also United States v. Dolenz*, No. 3:98-CR-107-H (N.D.Tex. Dec. 29, 1998). He seeks monetary damages and to have his criminal conviction voided. (*Id*. at 7).

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. CHALLENGE TO CONVICTION

Plaintiff appears to challenge his federal conviction for aiding and abetting mail fraud. (doc. 3 at 2-4). Habeas relief is an inappropriate remedy in a civil action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Plaintiff may only challenge his conviction within the exclusive scope of a writ of habeas corpus, if he is still confined, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), or through a writ of corum nobis, if he is no longer confined. *United States v. Hatten,* 167 F.3d 884, 887 n.6 (5th Cir. 1999); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). To the extent that he challenges or seeks to void his criminal conviction, his claims should be dismissed for failure to state a claim upon which relief may be granted.[1]

### IV. LIBEL

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.

---

[1] Plaintiff has filed numerous collateral attacks against his conviction, including motions to vacate and motions for writ of coram nobis. *See* No. 3:98-CR-107-H (docs. 126, 150, 159, 168, 189, 251, 259).

1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, Plaintiff claims that defendants defamed him in a newspaper article that was also published on the internet. (*See* doc. 3 at 4-5). He neither identifies nor asserts any credible federal causes of action against the defendants, and he makes no allegations to support any federal cause of action against the defendants. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, Plaintiff has failed to plead that the parties are diverse, and it is clear that they are not, as he provides Texas addresses for both defendants. He has also not alleged any matter in controversy that exceeds $75,000 in value. He has therefore not met his burden to show that complete diversity exists between the parties, and his state law defamation claim should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties

were residents of same state).

## V. RECOMMENDATION

Plaintiff's challenge to his conviction should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and his state law defamation claim should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 8th day of April, 2014.**

                                               *[signature]*
                                               IRMA CARRILLO RAMIREZ
                                               UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                               *[signature]*
                                               IRMA CARRILLO RAMIREZ
                                               UNITED STATES MAGISTRATE JUDGE