IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERNARD DOLENZ, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1188-G-BH |
| ) | |
| DALLAS OBSERVER, et. al, ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court is Plaintiff's *Motion for Clarification of Order Accepting Findings of U.S. Magistrate Judge and Judgment of April 17, 2014*, filed on April 29, 2014 (doc. 13). Based on the relevant findings and applicable law, the motion should be construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. 59(e), and it should be denied.

**I. BACKGROUND**

Plaintiff filed a civil complaint asserting a claim for libel against the defendants, alleging that they defamed him in a newspaper article. He also claimed that his federal conviction for aiding and abetting mail fraud was in error and is void. (doc. 3 at 2-7); *see also United States v. Dolenz*, No. 3:98-CR-107-H (N.D.Tex. Dec. 29, 1998). He sought monetary damages and to have his criminal conviction voided. (*Id*. at 7). On April 8, 2014, it was recommended that Plaintiff's challenge to his conviction be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted, and that his state law defamation claim be dismissed without prejudice for lack of subject-matter jurisdiction. (doc. 9).[1] Plaintiff filed objections to the findings,

---

[1] Plaintiff has filed numerous prior collateral attacks on his conviction, including motions to vacate and motions for writ of coram nobis. *See* No. 3:98-CR-107-H (docs. 126, 150, 159, 168, 189, 251, 259).

1

but they were accepted on April 17, 2014, and a judgment was issued dismissing Plaintiff's complaint. (docs. 10, 11, 12).

On April 29, 2014, Plaintiff filed his motion, reasserting his claims that his conviction should be considered void because the federal government lacked jurisdiction over his criminal case, and that this Court has jurisdiction over the libel claim. While Plaintiff expressly moves for clarification of the judgment, he is in actuality seeking to alter or amend the judgment dismissing his complaint, so his motion is liberally construed as arising under Fed. R. Civ. P. 59(e).

## II.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff is only reasserting the same legal theories and arguments that he raised in his complaint. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. His motion to alter or amend the judgment should be denied.

2

## III.  RECOMMENDATION

Plaintiff's *Motion for Clarification of Order Accepting Findings of U.S. Magistrate Judge and Judgment of April 17, 2014*, filed on April 29, 2014 (doc. 13), which has been liberally construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. 59(e), should be **DENIED**.

SIGNED on this 2nd day of May, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3